UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRWIN SEATING COMPANY,

        Plaintiff,                      Case No. 1:04-CV-568

v                                          Hon. Wendell A. Miles

INTERNATIONAL BUSINESS
MACHINES CORPORATION, et al,

        Defendants.
_____/

**ORDER**

        Pending before the court is an expedited motion by defendant J.D. Edwards World Solutions Company (JDE) to modify the Amended Case Management Order (CMO) (docket no. 170). Specifically, JDE seeks to modify the CMO to require that dispositive motions be filed, heard and decided on an expedited basis, and prior to the parties identifying and producing their expert witnesses and expert reports. Presently, the CMO requires expert discovery to begin Monday, April 17, 2006, with the plaintiff's disclosures. Defendant IBM concurs in the motion, although it suggests a less abbreviated briefing schedule. Both defendants are optimistic they will prevail on their dispositive motions, thereby negating or reducing the need for expert testimony. Plaintiff opposes the motion.

        Fed.R.Civ.Proc. 16(b) provides that the case management schedule shall not be modified except upon a showing of good cause. *See, also,* W.D.Mich. LCivR 16.1 (requiring a

showing of good cause to modify the case management order in the interest of justice). The chronology of events leading to this motion suggests it is without merit.

The CMO was entered in July 2005, following the court's dismissal of several of the claims against defendants. It provides that plaintiff Irwin Seating is to identify all testifying experts and produce their respective expert reports by Monday, April 17, 2006. Defendants are to identify their experts and produce their reports by May 17, 2006. All expert discovery is to be completed by July 5, 2006.[1]

It is unclear why defendants have waited until the eleventh hour to request this major change in the pretrial schedule, after having agreed to it nearly a year ago. The claims remain unchanged.[2]

What is clear is that plaintiff has now done the necessary work, and incurred the necessary expense, to provide its expert witness disclosures. The court can easily accept plaintiff's representation that it has expended time and money to prepare its expert witness disclosures for this coming Monday, and that it had incurred these expenditures well prior to Irwin's belated filing of this motion on April 4, 2006. If the motion is granted, defendants may be saved that cost. Since the defendants raise no significant argument in support of their motion that could not have been raised

---

[1] Fact discovery was to be completed no later than April 3, 2006, but the parties have apparently all agreed to take six additional depositions by April 17, 2006.

[2] Counsel for defendant JDE did not confer with plaintiff about this motion as required by the local court rule until April 11, 2006, after being ordered to do so by the court, thereby slowing consideration of the motion. Moreover, defense counsel would also have had to anticipate that plaintiff would need some period of time to respond to the motion, and the court to resolve it. Since plaintiff could not know how the court would rule on the motion, it had to continue to prepare to file its expert disclosures while the motion was pending. Clearly, the motion to modify the Case Management Order was filed on the very eve of plaintiff's obligation to provide its April 17, 2006 expert disclosures.

any time during the past year, it is simply unfair to saddle plaintiff with the burden defendants may avoid.

That is not the only reason for denying the motion. The court is not as sanguine as defendants about defendants prevailing on their motions. This is due at least in part to the fact that the court has yet to see the motions. Also, there is no certainty that expert testimony might not be necessary to resolving some part of the motions.

The court set forth a fair and equitable pretrial procedure to get the parties to trial. All sides concurred with it. Defendants have offered nothing of substance to justify a radical change at this very late stage, which would be clearly prejudicial to plaintiff. The motion is DENIED.

IT IS SO ORDERED.


Dated:  April 14, 2006                                /s/ Hugh W. Brenneman, Jr.
                                                     Hugh W. Brenneman, Jr.
                                                     United States Magistrate Judge