UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRWIN SEATING COMPANY,

        Plaintiff,                            FILE NO. 1:04-CV-568

v.                                        HON. ROBERT HOLMES BELL

INTERNATIONAL BUSINESS
MACHINES CORP. et al.,

        Defendants.
_____/

## OPINION

This matter is before the Court on Plaintiff's appeal (Docket #313) of the Magistrate Judge's order striking Plaintiff's expert witnesses (Docket #310). For the reasons that follow, the order of the Magistrate Judge is affirmed.

### I.

This matter was referred to voluntary facilitative mediation by this Court on October 21, 2005. The notice of appointment of facilitative mediator outlined the procedures for mediation and, among other things, provided that "all information disclosed during the mediation session, including the conduct and demeanor of the parties and their counsel during the proceedings, must remain confidential, and must not be disclosed to any other party nor to this court, without consent of the party disclosing the information." (Notice of Appointment of Facilitative Mediator, at 2, docket #94.)

Subsequently, at the direction of the mediator, the parties furnished mediation statements and accompanying documents, highlighting those portions of the exhibits the parties believed to be most important.  The Magistrate Judge found, and Plaintiff Irwin has not disputed, that Irwin later provided Defendants' mediation statements and accompanying highlighted documents to two experts expected to testify for Plaintiff at trial.

On April 18, 2006, Plaintiff produced two expert reports, one by Jeff Hagins assessing the liability of the Defendants, and the other by Marianne DeMario assessing damages.  Each expert report declared that the expert had reviewed the mediation briefs and exhibits produced by Defendants.  DeMario's report extensively cited to portions of the mediation attachments.  All of the attachments to the mediation statement were otherwise produced during discovery.  However, the mediation attachments were highlighted to identify those portions Plaintiff believed to be significant to the case.

The Magistrate Judge held that the mediation proceedings and documents were intended to be confidential and for settlement purposes only, pursuant to the order of appointment of mediator, W.D. MICH. LCIVR 16.2(e), FED. R. EVID. 408 and established Sixth Circuit case law.  The Magistrate Judge reasoned that, regardless of whether Plaintiff acted with bad faith, Plaintiff was solely at fault for the breach of confidentiality and had acted intentionally to release the information.  The Magistrate Judge further concluded that the exposure by Plaintiff's experts to Defendants' case theory could not simply be forgotten by those experts.  Moreover, since any attempt to cross-examine those experts as to the

2

specifics of their recollection would itself expose confidential information, the Magistrate Judge concluded that the only appropriate remedy was to strike Plaintiff's expert witnesses.

Plaintiff now appeals the Magistrate Judge's order, contending that the sanction is unduly harsh and unsupported by law.

## II.

Under 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), a federal magistrate judge may be designated to hear and determine nondispositive pretrial matters. *Id.* Rule 72(a) provides in relevant part:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

FED. R. CIV. P. 72(a).[1]

A factual "finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). The

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure implements 28 U.S.C. § 636(b)(1)(A). *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

question before the court "is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Id.*

A magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, which this Court will overrule only if that discretion is clearly abused. *See Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992) (citing *Snowden By and Through Victor v. Connaught Labs, Inc.*, 136 F.R.D. 694, 697 (D. Kan. 1991); *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990)).

### III.

In its objections to the Magistrate Judge's determination, Plaintiff argues only that the striking of its expert witnesses is an excessive sanction, not warranted by the nature of the violation.[2] Plaintiff argues that the Magistrate Judge should have imposed a less severe

---

[2]In its reply brief, Plaintiff raises two additional issues not raised before either the Magistrate Judge or in Plaintiff's initial timely objections. First, citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 519 (6th Cir. 2002), Plaintiff argues that a finding of bad faith is legally required to support the imposition of a sanction under the Court's inherent authority. Second, Plaintiff argues that the Magistrate Judge lacked evidence to support a finding that Plaintiff's disclosure of mediation materials to the experts had an adverse impact on Defendants or on the mediation process. Neither argument was raised in Plaintiff's objections. Under FED. R. CIV. P. § 72(a), "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." *Id.* Moreover, the Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived. *See United States v. Lopez-Medina*, 461 F.3d

sanction. Plaintiff contends that it did not act in bad faith to release the mediation materials, believing that disclosure to its own retained experts was disclosure to agents of itself, the represented party, and therefore was not a breach of confidentiality. While Plaintiff no longer asserts that its disclosure was not a violation of the mediation order and the local rules, it asserts that the reason for the disclosure did not amount to bad faith. Further, Plaintiff argues that the information contained in the mediation attachments was otherwise disclosed during discovery and fully available to the experts from other sources. For both reasons, Plaintiff contends that the harsh sanction of striking experts was not warranted.

As the Magistrate Judge fully discussed, the local court rules specifically provide for the confidentiality of ADR procedures such as voluntary facilitative mediation:

> Confidentiality – information disclosed during the ADR process shall not be revealed to any one else without consent of the party who disclosed the information. All ADR proceedings are considered to be compromised negotiations within the meaning of Federal Rules of Evidence 408.[3]

---

724, 743 (6th Cir. 2006) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (deeming arguments that are not raised in the appellant's main brief, or raised merely in a perfunctory manner, as waived)); *see also Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 676 (6th Cir. 2006) (a district court properly declines to consider an issue raised for the first time in a reply brief) (citing, *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 682-83 (E.D. Mich. 2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time") (citation omitted)). For both reasons, the arguments raised in Plaintiff's reply brief are waived, and the Court declines to address either argument.

[3]Rule 408 provides in relevant part that "[e]vidence of conduct or statements made in compromised negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromised negotiations. . . ."

W.D. MICH. LCIVR 16.2(e).  In addition, as the Sixth Circuit repeatedly has recognized,

> There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations.  This is true whether settlement negotiations are done under the auspices of the court or informally between the parties.  The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system.  In order for settlement talks to be effective, parties must feel uninhibited in their communications.

*Goodyear Tire &Rubber Co. v. Chiles Power Supply*, 332 F.3d 976, 980 (6th Cir. 2003).

In determining that the sanction of striking experts was appropriate, the Magistrate Judge made a number of factual determinations.  First, he noted that Plaintiff conceded that its attorneys had provided copies of Defendants' mediation briefs and exhibits to the experts, and both experts acknowledged reading the materials.  Indeed, Plaintiff's damages expert repeatedly referred to the mediation exhibits in her expert report.  Although both experts averred that they did not recall Defendants' mediation positions and further averred that their opinions were not influenced by their knowledge of those positions, the Magistrate Judge found those averments unpersuasive.  The Magistrate Judge noted that the experts had used essentially identical language in their affidavits and that the averments in question appeared to have been drawn up by the same hand.

The Magistrate Judge further found that, regardless of Plaintiff's intent in disclosing the documents, the experts had received confidential information.  The Magistrate Judge concluded that no adequate means existed for undoing the experts' improper knowledge. As the Magistrate Judge noted, the facts upon which an expert relies are not required to be

6

admissible. However, the factual basis for the expert's opinion is subject to inquiry and cross-examination. FED. R. EVID. 703. Because the information in issue is confidential, Defendants will be unable to fully challenge the experts' assertions that their opinions were not influenced by confidential settlement knowledge.

Although Plaintiff continues to argue that the experts were not influenced by the confidential content of the mediation briefs or the highlighting of specific portions of the otherwise discoverable exhibits, the Magistrate Judge's reasons for discrediting the experts' claims are reasonable. The Court finds no basis for concluding that the finding is clearly erroneous. Accepting, therefore, that the experts did remember the mediation positions and that they were, consciously or unconsciously affected by that information, the Magistrate Judge's decision to exclude the experts was reasonable and sound.

Further, contrary to Plaintiff's argument, the Magistrate Judge's decision to strike Plaintiff's experts is not inconsistent with other federal decisions. In *Goodyear Tire & Rubber*, applying the mediation confidentiality privilege, the Sixth Circuit upheld the district court's refusal to permit discovery about settlement negotiations to support a plaintiff's claim that a witness had been bribed. 332 F.3d at 983. The court recognized that disclosure of settlement negotiations, even long after those negotiations had failed, would undermine the public policy underlying settlement. *Id.* at 980. The court further held that, because settlement negotiations "are typically punctuated with numerous instances of puffing and posturing since they are 'motivated by a desire for peace rather than from a concession of the

7

merits of the claim,'" the use of "these sort of 'facts' would be highly misleading if allowed to be used for purposes other than settlement." *Goodyear Tire & Rubber*, 332 F.3d at 981 (quoting *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)).

Similarly here, permitting Plaintiff's experts to testify after having had access to Defendants' confidential representations has the potential to undermine the willingness of parties to engage in future settlement negotiations. Further, the "facts" upon which those experts rely in such briefing have the potential to be misleading because of the purpose for which they are presented. They therefore may color the expert's conclusions based on a characterization of the facts distorted by the goal of settlement. In any event, the information provides the expert with information about the other party's view of the significance of particular evidence.

The fact that the Sixth Circuit did not approve the identical sanction does not demonstrate the unreasonableness of the sanction imposed in this case. The facts of *Goodyear Tire & Rubber* did not call for the striking of an expert. Instead, the problem was fully able to be addressed by the denial of discovery. Here, in contrast, Plaintiff cannot identify an alternate sanction that will adequately address these experts' improper knowledge. No admonition, reprimand, mediation training or assessment of costs can remove from the experts' minds the information to which they have been exposed. And, because of the ongoing confidentiality of the mediation process, such alternatives cannot remove the obstacle to Defendants' cross-examination of the experts.

The remaining cases cited by Plaintiff are equally unpersuasive. For example, in *Frank v. L.L. Bean Inc.*, 377 F. Supp. 2d 233 (D. Me. 2005), the court declined to exclude the fruits of an ex parte interview with a potential witness in which the opposing party's settlement position was revealed. The court instead imposed financial sanctions. In *Frank*, however, the party violating settlement confidentiality revealed information to a former employee of the opposing party, who shared the opposing party's interests. As a result, the opposing party could not demonstrate prejudice arising from the breach of confidentiality. The court expressly noted that, "[h]ad Defendant been able to demonstrate such prejudice, such a sanction might have been an appropriate remedy to counteract Plaintiff's ill-gotten advantage." *Frank*, 377 F. Supp. 2d at 240-41.

Here, Plaintiff disclosed Defendants' settlement positions to its own expert witnesses. That information is inherently prejudicial to Defendants and is an "ill-gotten advantage," even if the extent of the prejudice is not precisely measurable. In such circumstances, the Magistrate Judge's order striking Plaintiff's expert witnesses, is both reasonable and consistent with the analysis of *Frank*.

In *In re Anonymous*, 283 F.3d 627 (4th Cir. 2002), the Fourth Circuit addressed breaches of the confidentiality of the appellate mediation process. The court found that the client, current counsel and local counsel had all violated the confidentiality requirements of the appellate mediation process during their subsequent bar-mediated fee dispute. The court, however, weighing the totality of the circumstances, declined to issue sanctions for several

9

reasons. The court found that none of the participants had acted in bad faith. The court further found that the disclosures to another confidential forum did not severely impact the effectiveness of the mediation process. Further, the court noted that, in light of the breaches by all parties, no single party was harmed by the disclosures. *Id.* at 635-36.

The *In re Anonymous* decision is fully consistent with the Magistrate Judge's determination in the instant case. The case endorses the notion that sanctions determinations are to be based on the totality of the circumstances. *Id.* Here, unlike in *In re Anonymous*, the only party breaching confidentiality is the party with the opportunity to benefit from that breach. Moreover, the breach did not occur within the confines of another confidential process, but instead permitted an expert to offer an opinion influenced by confidential information upon which he could not be fully cross-examined. As the Magistrate Judge found, such a breach has the potential to seriously undermine the effectiveness of the mediated settlement proceedings, thereby undermining important public policy.

A review of Plaintiff's remaining citations to unpublished decisions in which sanctions have been denied reveals substantial differences in the totality of the circumstances from those before this Court. *See Frazier v. Layne Christensen Co.*, No. 04-C-315-C, 2005 WL 372253 (W.D. Wis. Feb. 11, 2005); *Concerned Citizens of Belle Haven v. The Belle Haven Club*, No. 3:99CV1467 (D. Conn. Oct. 25, 2002). Plaintiff has identified no comparable disclosure to that in issue here.

10

Moreover, the fact that any other district court may have decided a sanctions question differently than the Magistrate Judge does not in itself suggest that the Magistrate Judge's decision constituted an abuse of discretion. *See Heights Cmty. Congress*, 774 F.2d at 140 (question is not whether the determination is the best or only conclusion that can be drawn but whether it is a reasonable one.) The Court finds that the factual determinations of the Magistrate Judge were not clearly erroneous and that the striking of Plaintiff's experts is not contrary to law. Accordingly, the Court will affirm the Magistrate Judge's order to strike.

Having agreed that the Magistrate Judge properly struck Plaintiff's expert witnesses as a remedy for Plaintiff's breach of mediation confidentiality, the Court must determine whether Plaintiff may retain other experts. The Court has reviewed the totality of the circumstances and finds that a complete denial of expert witnesses would be an excessive sanction, not warranted by the nature of Plaintiff's conduct. The harm to Defendants is fully mitigated by the exclusion of the testimony of those experts exposed to the confidential information. The striking of experts is itself a harsh sanction and should not be made greater by the exclusion of all expert evidence in support of Plaintiff's case. Accordingly, notwithstanding the late stage of these proceedings, the Court will permit Plaintiff to engage new experts.

## IV.

For the foregoing reasons, the Court affirms the order of the Magistrate Judge striking Plaintiff's experts. The Court, however, will permit Plaintiff to designate new experts. In

accordance with the Magistrate Judge's order denying clarification (Docket #323), deadlines for expert reports will be addressed in the scheduling conference to be held after resolution of the dispositive motions.


Dated:     February 14, 2007                       /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   CHIEF UNITED STATES DISTRICT JUDGE