UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRWIN SEATING COMPANY,

      Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORP., et al.,

      Defendants.
_____/

File No. 1:04-CV-568

HON. ROBERT HOLMES BELL

**O P I N I O N**

Summary judgment was entered in favor of Defendants International Business Machines Corporation ("IBM") and J.D. Edwards World Solutions Company ("JDE") on all of Plaintiff Irwin Seating Company's ("Irwin") claims against them. (Dkt. No. 342, 8/15/07 J.). This matter is currently before the Court on Defendants IBM and JDE's motions for taxation of costs. (Dkt. Nos. 344, 348.)

**I.**

Costs are generally allowed as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d) ("[C]osts . . . should be allowed to the prevailing party."). The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987). "The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BDT*

*Prod., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Irwin does not dispute that Defendants are entitled to costs as prevailing parties. Irwin does, however, dispute the taxation of certain items as costs.

## II.

Defendant IBM has requested taxation of costs as follows:

| Authority | Description | Amount |
| --- | --- | --- |
| § 1920(1) | Fees for Service of Subpoena | $165.00 |
| § 1920(2) | Fees of the Court Reporter | $22,247.16 |
| § 1920(3) | Fees for Witnesses | $40.00 |
| § 1920(4) | Fees for Exemplification and Copies of Papers | $56,944.82 |
| TOTAL | | $79,396.98 |

(Dkt. No. 344, IBM's Mot. for Taxation of Costs, Ex. 1, Itemized Bill of Costs; Dkt. No. 355, IBM's Reply, Ex. B, Am. Taxable Costs.)

Irwin objects to $49,258.71 of IBM's itemized costs, including IBM's costs for video depositions, for scanning Irwin's productions, and for copying third-party productions.

**A. Video Depositions**

IBM has requested the Court to tax $7,985.00 pursuant to 28 U.S.C. § 1920(2) for costs associated with videotaping the depositions of ten witnesses. The Sixth Circuit has held that videotaped depositions may properly be taxed as costs under § 1920(2). *BDT Prod.*, 405 F.3d at 420.

Irwin does not dispute that video depositions may be taxed in a proper case, but contends that with the exception of one witness, Sharon Shorey, IBM has failed to carry its burden of proving that video depositions were necessary for the maintenance of the action. *See Johnson v. City of Battle Creek*, No. 4:04-CV-38, 2005 WL 1427716, at *2 (W.D. Mich. June 16, 2005) (Scoville, M.J.) ("In the absence of an adequate explanation why the apparently duplicative videotape costs were necessarily incurred, the court, in its discretion, will disallow [them].").

In response, IBM notes that Irwin was seeking over $16 million in damages based almost entirely on Defendants' alleged oral representations. IBM contends that of the nine challenged video depositions, three were for Irwin's 30(b)(6) witnesses, and six were for Irwin's officers and directors. IBM contends that these witnesses were extensively involved in the sales process and that their testimony regarding oral statements was critically important. Given the importance of these witnesses, the large amount of money at stake, and the possibility that these witnesses could become unavailable, IBM felt that it was prudent

at the time to have the depositions videotaped so that their testimony could be effectively tested.

The necessity of a deposition is determined as of the time the deposition is taken. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The Court is satisfied that IBM has made a sufficient showing to support its determination that video depositions of Irwin's officers and directors were reasonable and necessary at the time they were taken. The Court will accordingly allow IBM's request to tax the cost of the video depositions.

**B. Scanning and Imaging Irwin's Productions**

IBM's request for costs pursuant to 28 U.S.C. § 1920(4) includes $29,367.73 for electronic scanning and imaging of Irwin's productions.

Irwin objects to the costs associated with the electronic scanning and imaging of the documents produced by Irwin because Irwin provided all of the documents in electronic format on compact discs ("CDs"). Irwin contends that IBM's creation of an electronic database for all of the documents produced during discovery, which allowed IBM to search the documents more easily, was done for IBM's convenience and is not properly taxed to Irwin. *See Windy City Innovations, LLC v. Am. Online, Inc.*, No. 04-C-4240, 2006 WL 2224057, at *3 (N.D. Ill. July 31, 2006) (holding that computer document coding systems "are more properly considered expenses incidental to an award of attorneys' fees, not costs of suit.").

4

In response, IBM contends that due to technical problems, Irwin's documents could not be used in the format in which they were produced. (IBM's Reply, Ex. A, Decl. of Anne Costello, ¶¶ 4-7.) IBM contends that in order to manage these documents it processed the documents using Synthetix, an auto-coding and document search technology. (*Id.* ¶¶ 10-11.) IBM contends that this process was more cost effective than the alternative of printing one blowback[1] set and one copy set at an estimated cost of almost $40,000, or printing and rescanning the documents. (Costello Decl. ¶¶ 8-11.)

The Court is permitted to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Recoverable costs include "costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Falor v. Livingston County Cmty. Mental Health*, 2003 WL 23220759, at *5 (W.D. Mich. 2003) (Quist, J.) (quoting *Jordan v. Vercoe*, No. 91-1671, 1992 WL 96348, at *1 (6th Cir. May 7, 1992)).

The burden is on the party seeking reimbursement for photocopying costs to show that the copies were necessary for use in the case. *Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1085-86 (N.D. Ill. 2002). "Although section 1920(4) does not demand page-by-page precision, a bill of costs must represent a calculation that is reasonably

---

[1]Blowbacks are electronic documents that are printed. (Dkt. No. 350, Irwin's Resp. to IBM's Mot. 7, n.1.)

5

accurate under the circumstances." *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006). The description need not be "so detailed as to make it impossible economically to recover photocopying costs," but it must be "the best break down obtainable from retained records." *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) (quoting *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)).

The Court is satisfied that the cost of obtaining one set of discovery documents in a usable format is reasonably necessary to the maintenance of the action and is taxable. However, the cost of copying documents for the litigant's own use or for the convenience of counsel are ordinarily not taxable. *Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005); *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 590 (D. Md. 2004); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003); *Freier v. Freier*, 985 F. Supp. 710, 713 (E.D. Mich. 1997).

Because IBM has shown that the 179,919 pages of discovery documents produced by Irwin on a CD were not in a usable format, IBM may tax the cost of printing one copy of each of the documents on the disk. IBM has indicated that the cost of one blowback set of Irwin's productions at $.07 per page is $12,594.33. The Court will accordingly allow IBM to tax $12,594.33 in costs associated with making one blowback copy of the discovery it received from Irwin. The Court will not permit IBM to tax the cost of scanning the documents or making an extra working copy of the documents, because these steps would

be for IBM's convenience rather than a necessity for maintenance of the case. Accordingly, the Court will disallow $16,773.40 of the costs associated with scanning and imaging Irwin's productions.

## C. Third-Party Productions

IBM's request for costs pursuant to 28 U.S.C. § 1920(4) also includes $12,320.98 for third party production copies. Irwin objects to the $12,320.98 in costs associated with third party production copies because IBM failed to provide accurate documentation of that production. In response, IBM acknowledges that its request for third party production copies was inaccurate. IBM has revised its itemized bill of costs and now seeks to tax only $648.80 for third party production copies. The Court will allow this revised amount for third party production copies.

## D. Copy Sets for Attorneys and Experts

IBM still seeks to tax $12,320.98 in costs pursuant to § 1920(4), but now contends that this amount represents "copy sets of J.D. Edwards' and Irwin's productions used by attorneys and also provided to experts." (IBM's Reply 5.) Copying costs are generally limited to "those costs incurred for copies of documents prepared for the court's consideration or for the opposing party." *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich. 1996) (Miles, S.J.). Copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable. *Fla. Keys Citizens Coal.*, 386 F. Supp. 2d at 1270; *Wyne*, 329 F. Supp. 2d at 590; *Riley*, 258

F. Supp. 2d at 843. The cost of making extra copies of discovery productions for use by a litigant's own attorneys or experts falls into the category of costs incurred for the convenience of counsel, which are not taxable as costs.

## III.

Defendant JDE has requested taxation of costs as follows:

| Authority | Description | Amount |
|---|---|---|
| § 1920(1) | Fees of the Clerk | $525.00 |
| § 1920(2) | Fees of the Court Reporter | $22,198.61 |
| § 1920(4) | Fees for Exemplification and Copies of Papers | $44,300.07 |
| Other | Fees for Computer-Aided Legal Research | $13,233.79 |
| TOTAL | | $80,257.47 |

(Dkt. No. 348, JDE's Mot. for Taxation of Costs, Ex. 1, Bill of Costs.)

Irwin objects to certain items in JDE's bill of costs including JDE's costs for video depositions, other deposition extras, document imaging, photocopying, and computer-aided legal research because they are not authorized by § 1920 and Rule 54(d)(1) and because JDE has not met its burden of showing the costs were necessary and reasonable.

### A. Video Depositions

JDE seeks $4,725.00 for costs related to the videotaping of depositions of Irwin employees.

In reply JDE has noted that videotaping the depositions was especially important in this case because Irwin's allegations of breach of contract and fraud made witness credibility

crucial, and credibility determinations can more readily be made with a videotaped deposition than a written transcript. *Williams v. Bd. of Comm'rs of McIntosh County*, 938 F. Supp. 852, 861 (S.D. Ga. 1996). In addition, JDE has noted that the complexity of the case increased the likelihood of a significant lag time between fact discovery and trial, which increased the possibility that Irwin's employees might not be available at the time of trial.

The Court is satisfied that JDE has made a sufficient showing to support taxing the costs of the video depositions of Irwin's employees.

**B. Transcript Extras**

Irwin objects to JDE's inclusion of extra costs associated with deposition transcripts, including "live note hookup," expedited transcripts, condensed transcripts, ASCII diskettes, mini-transcripts, rough drafts, e-transcripts and interest on unpaid balances. Because the invoices do not break out these individual cost items, Irwin contends that the total amount JDE requests as deposition costs should be disallowed.

In response JDE acknowledges that it should not have included $20.51 in interest charges for deposition costs and withdraws its request to tax this amount. JDE has not responded to Irwin's objection to the other extra charges. This Court has routinely denied such extra charges. *See, e.g.*, *Whirlpool Corp. v. LG Electronics, Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *6 (W.D. Mich. Aug. 26, 2007) (Bell, C.J.); *Charboneau v. Severn Trent Labs., Inc.*, No. 5:04-CV-116, 2006 WL 897131 at *3 (W.D. Mich. April 6, 2006)

(Bell, C.J.); *Keweenaw Bay Indian Cmty. v. Rising*, No. 2:03-CV-111, 2005 WL 3535124, at *3 (W.D. Mich. Dec. 22, 2005) (Bell, C.J.).

Although there is some difference in the practice from court to court, and although the Sixth Circuit found no abuse of discretion when the district court taxed these extras as costs in *BDT Products, Inc.*, 405 F.3d at 419-20, case law generally supports this Court's position that additional charges for such items as computer disk copies, minuscripts, keyword indices, exhibit copies and administrative fees are not taxable as costs because they are for the convenience of counsel, rather than a necessity for trial. *See, e.g.*, *United States v. MPM Fin. Group, Inc.*, 2005 WL 3021944, at *3 (E.D. Ky. Oct. 3, 2005); *Burton v. R.J. Reynolds Tobacco Co.,* 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005); *Scallet v. Rosenblum*, 176 F.R.D. 522, 528-29 (W.D. Va. 1997); *Andrews v. Suzuki Motor Co.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995). Some of JDE's invoices itemize the costs of these extras and JDE has provided handwritten itemizations for some of the invoices that do not detail these extras. Because JDE has failed to itemize all of the deposition charges, the Court has estimated these additional charges from the documentation provided. The Court will disallow $5,200.00 in costs attributable to these extras.

## C. Transcripts of Court Hearings

JDE also seeks to tax $106.26 for the cost of the transcripts of two court hearings on June 2, 2005 and June 3, 2005. Transcripts of court hearings fall within the scope of § 1920(2), but are only taxable as costs if they were "necessarily obtained for use in the

case." Where, as here, no testimony was taken at the hearings and the Court's rulings were reduced to writing, (Dkt. No. 51, 6/22/05 Op. & Order), it does not appear that the transcripts were necessarily obtained for use in the case. *See Keweenaw Bay*, 2005 WL 3535124, at *3; *LaPrade v. Energy Automation Sys., Inc.*, No. 3:03-0469, 2006 WL 273547, at *2 (M.D. Tenn. Feb. 2, 2006). Accordingly, the Court will disallow JDE's request to tax $106.26 for the transcripts of the court hearings.

**D. Production Document Imaging**

JDE has requested the Court to tax as costs $41,587.57 for production document imaging pursuant to § 1920(4). Irwin objects to JDE's production document imaging request because JDE has not provided detail sufficient to establish that the costs for printing/imaging were necessarily obtained for use in the case. Irwin also notes that it made its document production on computer discs, and JDE has not explained why it was reasonable or necessary to incur expenses to scan and image documents provided to JDE in electronic format. As previously noted, the burden is on the party seeking reimbursement for copies to show that the copies were necessary for use in the case. *Tirapelli*, 222 F. Supp. 2d at 1085-86. The Court does not require such detailed information as to make the recovery of costs economically impossible, but the Court does require sufficient detail to enable the Court to make a reasoned determination as to what charges were necessary for the maintenance of the action and what charges were for the convenience of counsel. *See Rice*, 237 F. Supp. 2d at 981; *Fla. Keys Citizens Coal.*, 386 F. Supp. 2d at 1270.

JDE has presented the affidavit of Terry Edwards, who explains that invoices totaling $37,574.82 all relate to costs JDE incurred to prepare JDE's 130,500 native documents for production to Irwin. (Dkt. No. 364, JDE's Reply, Ex. A, Edwards Aff. ¶¶ 3, 4, 7). JDE contends that the format it chose for tracking and tagging the documents and converting them to an image format before production rather than copying two sets of the documents and then scanning them and applying bates numbers resulted in a cost savings. (*Id.* at ¶¶ 5-6.)

JDE has advised the Court that it could have made one blowback copy of JDE's native documents for $9,140.95. (*Id.* at 6.) The Court will tax this amount. The remaining $28,433.87 in costs associated with producing JDE's documents will be disallowed as costs for the convenience of counsel.

According to JDE, only $2,811.35 of the production document imaging costs is associated with preparing Irwin's document production in a usable format, and this cost related to General Ledger and Tax return information that was not produced in either electronic or hard copy form. (*Id.* at ¶ 9.) The remaining production document imaging costs of $1,201.40 related to preparing third party and IBM's document productions in a usable format. (*Id.* at ¶¶ 10-12.) The Court will allow the production document imaging costs associated with Irwin's and IBM's document productions.

**Photocopying Charges**

JDE has requested the Court to tax as costs $2,712.50 for photocopying pursuant to § 1920(4). Irwin objects to JDE's request to tax $2,712.50 for photocopying costs for pleadings, written discovery, motions and exhibits and related documents necessary for use in the litigation because it is not accompanied by any detail showing what was copied, the number of copies, or the price per copy.

The Court cannot determine from the documentation provided by JDE how many copies were for the Court or the opposing party, and how many copies were for the convenience of counsel. *See Pion*, 922 F. Supp. 53; *Fla. Keys Citizens Coal.*, 386 F. Supp. 2d at 1270; *Wyne*, 329 F. Supp. 2d at 590; *Riley*, 258 F. Supp. 2d at 843. Accordingly, JDE's request to tax as costs $2,712.50 for photocopying will be discounted by 40%, or $1,085.00.

**F. Computer-Aided Legal Research**

Irwin objects to JDE's request to tax $13,233.79 for the cost of computer-aided legal research.

JDE has not identified any provision in 28 U.S.C. § 1920 that would support the taxation costs for computer-aided legal research. Although the cost of computer-aided legal research might properly be included in an award of attorney's fees and costs, it is not properly taxed as a cost under Rule 54(d) and § 1920. *Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 552 (E.D. Pa. 2003); *El-Fald v. Central Bank of Jordan*, 163

F.R.D. 389, 391 (D.D.C. 1995). Accordingly, JDE's request to tax $13,233.79 in cost for computer-aided legal research will be denied.

### IV.

In summary, the Court will grant in part and deny in part IBM's motion to tax costs. The Court will enter an order taxing costs in favor of IBM in the amount of $50,302.60. This amount represents IBM's amended costs of $79,396.98, minus $16,773.40 for scanning Irwin's productions and minus $12,320.98 for copying discovery materials for use by IBM's attorneys and experts.

The Court will grant in part and deny in part JDE's motion to tax costs. The Court will enter an order taxing costs in favor of JDE in the amount of $32,304.81. This amount represents JDE's costs of $80,257.47, minus $5,200.00 in transcript extras, minus $106.26 for transcripts of court hearings, minus $28,433.87 for costs associated with producing JDE's documents, minus $1,085.00 for photocopies, and minus $13,233.79 for computer-aided legal research.

An order consistent with this opinion will be entered.

Date:   April 24, 2008           /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE